JULIA CRONSHAW, Administratrix, *vs.* WILLIAM CRONSHAW
                            *et al.*

PROVIDENCE—NOVEMBER 3, 1898.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1) *Mistake. Practice in Probate Courts. New Trial. Appeal.*

A. was appointed administratrix on the estate of B., in which the assets were $940; at about the same time she was also appointed administratrix on estate of C., in which the assets were $1,024, and the latter were placed in the inventory of the estate of B. Subsequently, the heirs of B. filed a petition in and obtained an order of the Probate Court for a distribution to them of a part of the inventoried estate, and no appeal was taken from the order. Upon discovery of the mistake, and being of opinion that the actual assets of the estate of B. were insufficient to pay his debts and the expense of settling his estate, she petitioned for a new trial of the petition of the heirs for the distributive order:—

*Held,* that her proper remedy was to have applied to the Probate Court for a correction of the error, and, if denied, to have appealed from the decree denying her application.

*Held,* further, that Gen. Laws R. I. cap. 251, § 3, did not give jurisdiction in the present petition, as the statute applies only where the petitioner has "neglected to prosecute his appeal."

If *Sayres* v. *Ormsbee,* 11 R. I. 504, is to be sustained as an authority, it cannot be extended to include cases of interlocutory decrees in which jurisdiction still remains in the Probate Courts.

PETITION for a new trial on an application to a Probate Court. Heard on agreed statement of facts.

(1) MATTESON, C. J. Our opinion is that the petitioner, on discovering the mistake in the inventory, should have applied to the Court of Probate for a correction of the error and, if the application had been denied, taken an appeal from the decree denying the application. Gen. Laws R. I. cap. 251, § 3,[1] is relied on in support of the petition; but the statute,

---

[1] SEC. 3. The appellate division of the supreme court may exercise the same powers in granting a trial in all cases as above, if no trial shall have been had therein; and may exercise the like powers in granting a trial in all cases decided by any probate court or town council, wherein the party shall have neglected to prosecute his appeal according to law.

as we construe it, extends only to cases decided by a Probate Court in which a party has claimed but neglected to prosecute his appeal according to law, and does not include a case in which no appeal has been claimed. *Sayres* v. *Ormsbee*, 11 R. I. 504, is cited as sustaining the construction of the statute claimed by the petitioner. That was a case in which a similar petition was entertained, apparently under Gen. Stat. R. I. cap. 210, § 8, of which General Laws R. I. cap. 261, § 3, is substantially a re-enactment. The case does not show that the attention of the court was drawn to the limitation in the section to cases wherein the party "shall have neglected to prosecute his appeal according to law." "Neglect to prosecute his appeal" clearly implies that an appeal has been taken.

In that case, too, a final decree had been entered, so that the court below no longer had jurisdiction of the matter or the parties, in which respect that case differs from the present. If *Sayres* v. *Ormsbee* is to be sustained as an authority, we do not think that it should be extended to include cases of interlocutory decrees in which jurisdiction over the subject-matter and parties still remains in Probate Courts.

Petition for trial denied and dismissed.

*Claude J. Farnsworth*, for petitioner.

*John Palmer*, for respondents.